[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This court held a hearing on July 21, 1997 with respect to an application for a prejudgment remedy filed by the plaintiff.
The issue is whether there is probable cause that the judgment sought will be rendered in the plaintiff's favor. This requires an interpretation of the employment contract between the plaintiff and the defendant, Acromold Acquisition Corporation (hereafter "AAC").
The court agrees with the plaintiff that there is no ambiguity in paragraph two of the contract. However, the court also believes that the words "Unless either Company or Employee gives 90 days prior written notice of termination to the other party hereto, the Term of Employment shall be for three (3) years" does establish a fourth reason for termination. This sentence should also be read in conjunction with paragraph 5(a) 4th paragraph which reads as follows: CT Page 8220
 "Notwithstanding anything to the contrary contained in this Paragraph 5(a) the Company agrees that in the event Employee is terminated pursuant to the following language in Paragraph 2 during the first eighteen (18) months of this Agreement, the Company will not seek to enforce in law or equity the agreements contained in this Paragraph 5(a) but Company reserves the right to enforce them after the end of the eighteen (18) month period: `Unless either Company or Employee gives 90 days prior written notice of termination to the other party hereto, the Term of Employment shall be for three (3) years.'"
Paragraph 5(a) clearly shows that there is a fourth reason for termination separate from "for cause".
Additionally, the time limits for the other three reasons make sense.
 (a) There is obviously no time but immediately upon the employee's death.
 (b) 30 days notice in the event the employee is incapacitated for more than 180 days.
 (c) The only reasonable interpretation of discharge for cause is that there is no specified notice for discharge. Obviously, the company would be entitled to immediate discharge for such reasons as dishonesty, drunkenness, conviction of a felony, etc. The 90 day notice clearly would not apply in the event these acts took place.
Therefore, the 90 day notice has to be for at will termination just as it states. It certainly isn't for the first three reasons which either set forth a time period or no time period which means immediately, which is logical for both death and cause.
Accordingly, plaintiff has not sustained its burden of proving that probable cause exists that a judgment will be CT Page 8221 rendered in its favor.
The prejudgment remedy of attachment is, therefore, denied.
However, the court is inclined to grant the requested injunctions. In accordance with the understanding at the hearing of July 21, 1997, the defendant will be afforded an opportunity to be heard.
The parties are, therefore, instructed to contact the case flow co-ordinator (860-875-2560) to schedule a hearing on the injunctions.
Rittenband, Judge